IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. DUBE,<br><br>　　　　Defendant. | No.  2:23-CV-1664-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Defendant's motion to dismiss.  See ECF No. 18.  Plaintiff has filed an opposition.  See ECF No. 19.  Defendant filed a reply.  See ECF No. 20.  Plaintiff also filed a sur-reply without leave of court.  See ECF No. 24.  Defendant has filed a motion to strike Plaintiff's unauthorized sur-reply.  See ECF No. 25.

　　　　In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a forty-four-year-old male, alleged to have a serious mental illness or disorder. The incident at issue occurred on February 28, 2023, at the California Health Care Facility (CHCF) in Stockton, California. See ECF No. 1, pg. 12. J. Dube is the sole named defending party, employed by CHCF Stockton as a Psychiatric Technician. See id. at 2. Plaintiff claims that Defendant's failure to activate a safety alarm or notify staff of Plaintiff's self-inflicted injuries constituted a violation of Plaintiff's rights. See id. at 3.

On February 28, 2023, Plaintiff was placed in the private housing area of B3B-room 113 at CHCF. See id. at 12. Immediately prior to the incident, Plaintiff was placed on Safety Suicide Watch. See id. at 3. As Plaintiff remained actively suicidal, Defendant was named as a continuous observer of Plaintiff's safety. See id. At one point, Plaintiff proceeded to cover up his cell windows in an attempt to obscure Defendant's view of Plaintiff. See id. Next, Plaintiff obtained a sharp piece of metal and cut his left forearm in two different places. See id. During this time, Defendant failed to alert or notify any staff or security members of the obscured windows or of Plaintiff's condition. See id. Eventually, Plaintiff screamed for medical and psychological assistance. See id. at 5. While actively bleeding, Plaintiff "pull[ed]" the "covers down" from his windows and showed Defendant his injuries. See id. at 7. Defendant then stated, "I can see you. I watched you do it." See id. at 7. After subsequent medical attention, Plaintiff sustained two lacerations on his left forearm. See id. at 12.

Plaintiff asserts Defendant had an unobscured view, despite Plaintiff's efforts, to watch Plaintiff cut his arm and intentionally failed to activate his safety alarm. See id. at 3. Plaintiff also alleges Defendant was fully aware of Plaintiff's extended history of suicidal ideations. See id.

///

## II.  DISCUSSION

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Defendant argues that the action must be dismissed because Plaintiff does not allege harm resulting from delayed treatment.  See ECF No. 18-1, pg. 4.  According to Defendant:

> Plaintiff's claim rests on the alleged delay in the treatment of Plaintiff's self-inflicted injury. (*See* ECF No. 1 at 3, 5.) Plaintiff alleges only that Defendant failed to summon medical treatment after Plaintiff cut himself. (ECF No. 1 at 3, 5.) Plaintiff does not, however, allege any harm stemming from that delay. While Plaintiff alleges that he sustained two self-inflicted cuts on his left forearm, those injuries are not attributable to Defendant's alleged delay in summoning medical care for Plaintiff. (*See id*.) Additionally, the 7219 attached to Plaintiff's Complaint as Exhibit B, which documents Plaintiff's physical injuries after the alleged February 28, 2023, incident of self-inflicted harm, only documents the two self-inflicted cuts on his left forearm and does not suggest that the alleged delay caused or worsened Plaintiff's condition. (*See id*. at 12.) Furthermore, according to the 7219, there was no delay in treatment. (*See id*.) Only one minute elapsed between the "occurrence" and when Plaintiff

///

was seen by a nurse. (*See id*.) That Plaintiff waited one minute to receive treatment cannot reasonably constitute a delay.

ECF No. 18-1, pg. 4.

The Court does not agree with Defendant that the gravamen of Plaintiff's claim is a delay in providing treatment following Plaintiff's self-harm. Defendant seems to admit as much in noting that, given the very short time which elapsed between Plaintiff's self-harm attempts and receipt of medical attention, the facts alleged "cannot reasonably constitute a delay." Rather, it appears that the focus of Plaintiff's claim is his contention that Defendant was deliberately indifferent in exercising his duties as a suicide watch observer. Specifically, Plaintiff alleges that Defendant did not respond when Plaintiff blocked his cell window though, as a suicide watch observer, Defendant had an obligation to be able to see Plaintiff at all times. Because this case does not involve delayed medical treatment – nor can it given the facts alleged – the requirement to allege an actual injury as a result of delay is not triggered and Defendant's motion should be denied.

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is ORDERED that Defendant's motion to strike Plaintiff's unauthorized sur-reply, ECF No. 25, is GRANTED.

3. It is ORDERED that Plaintiff's filing at ECF No. 24 is STRICKEN to the extent it presents an unauthorized sur-reply.

/ / /

/ / /

/ / /

/ / /

/ / /

5

4. It is RECOMMENDED that Defendant's motion to dismiss, ECF No. 18, be DENIED and that Defendant be directed to file an answer to Plaintiff's complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 8, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE